IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARL E. SIMPSON, | ) | No. C 05-5139 JSW (PR) |
| Plaintiff, | ) | |
| vs. | ) | **TRANSFER ORDER** |
| ATASCADERO STATE HOSPITAL, | ) | (Docket Nos. 2, 4) |
| Defendant . | ) | |

    According to the complaint, Plaintiff is currently committed to the custody of the California Department of Mental Health and is located at Atascadero State Hospital in Atascadero, California, in San Luis Obispo, California, within the venue of the United States District Court for the Central District of California.  He filed this civil rights action in the United States District Court for the Northern District of California on December 12, 2005, complaining of violations of his rights at Atascadero State Hospital. Plaintiff has also filed two motions seeking to proceed in forma pauperis (docket nos. 2, 4).

    Plaintiff's complaint was not filed in the proper district.  When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

It is apparent from this Court's review of the complaint that Plaintiff alleges events occurring within the venue of the Central District of California.  *See* 28 U.S.C. § 84.  Therefore, the Court will transfer this action to the United States District Court for the Central District of California.  Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Central District of California. Because this Court is transferring Petitioner's case to the Central District of California, it will not resolve the pending motions seeking in forma pauperis status (docket nos. 2, 4).

The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: January 31, 2006

JEFFREY S. WHITE
United States District Judge